UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DOY ENGLAND,<br>    No. 10567, | ) <br> ) <br> ) | |
|     Plaintiff, | ) <br> ) | No. 3:16-cv-00828 <br> **Chief Judge Sharp** |
| v. | ) <br> ) | |
| **DICKSON COUNTY JAIL**, *et al.*, | ) <br> ) | |
|     Defendants. | ) | |

**M E M O R A N D U M**

Plaintiff Doy England, a pre-trial detainee currently being held at the Dickson County Jail in Charlotte, Tennessee, brings this *pro se, in forma pauperis* action under 42 U.S.C. § 1983 against the Dickson County Jail, Dickson County, Tennessee, and certain unidentified employees of Dickson County, alleging that he has been subjected to cruel and unusual punishment. (Docket No. 1). He also claims that he is being unlawfully detained. (*Id.*) The complaint seeks monetary damages. (*Id*. at p. 5).

The plaintiff's complaint is before the court for an initial review pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).

**I.    PLRA Screening Standard**

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary

1

dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II. PLRA Screening

The plaintiff seeks relief pursuant to § 1983. To state a claim under § 1983, the plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the

United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Here, the complaint alleges that, on one occasion, officers made fun of the plaintiff for having a migraine headache. The complaint further alleges that the plaintiff is being held illegally in the Dickson County Jail. (Docket No. 1 at p. 5).

First, the plaintiff's complaint names as a defendant the Dickson County Jail. However, the Dickson County Jail, like any other jail or workhouse, is not a "person" that can be sued under 42 U.S.C. § 1983. *Cf. Fuller v. Cocran*, No. 1:05-CV-76, 2005 WL 1802415, at *3 (E.D. Tenn. July 27, 2005) (dismissing § 1983 claims against the Bradley County Justice Center on the same basis); *Seals v. Grainger County Jail*, No. 3:04CV606, 2005 WL 1076326, at *1 (E.D. Tenn. May 6, 2005) ("The Grainger County Jail, however, is not a suable entity within the meaning of § 1983."). Thus, the complaint fails to state a claim upon which relief can be granted against the Dickson County Jail, and all claims against the Dickson County Jail will be dismissed.

Next, the plaintiff names as defendants Dickson County and certain unidentified court officers, transportation officers, booking officers, and county officials. The plaintiff alleges that some of these individuals made fun of him one day when he was suffering from a migraine headache. The plaintiff believes that their conduct constitutes cruel and unusual punishment.

However, allegations of verbal harassment and verbal abuse by prison officials toward an inmate do not constitute punishment within the meaning of the Eighth Amendment, and thus do not

rise to a constitutional violation. *See Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987)(per curiam). Nor do allegations of verbal harassment rise to the level of unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Id.* at 954-55. Thus, the complaint fails to state an Eighth Amendment claim upon which relief can be granted based on the defendants making fun of the plaintiff's migraine headache.

The complaint also names Dickson County and certain county employees allegedly responsible for unlawfully detaining the plaintiff in the Dickson County Jail. The plaintiff states that he came to the jail to be "self booked" and a guard or jailor "took it on his own to give [the plaintiff] a new charge and a bond to keep [him] housed in jail until [he] made bond." (Docket No. 1 at p. 5).

The plaintiff's claim attacking the fact and/or validity of his detainment sounds in *habeas corpus* and is not appropriately brought in a § 1983 action. The law is well established that "habeas corpus is the exclusive remedy for a state prisoner who challenges **the fact or duration of his confinement .** . . even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994)(citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973))(emphasis added). A § 1983 claim challenging confinement must be dismissed even where a plaintiff seeks only injunctive or monetary relief. *Heck*, 512 U.S. at 489-90 (claim for damages is not cognizable); *Preiser*, 411 U.S. at 488-90 (claim for injunctive relief is only cognizable under 28 U.S.C. § 2254). Additionally, a state prisoner does not state a cognizable claim under § 1983 where a ruling on his claim would imply the invalidity of his conviction and/or confinement, unless and until the conviction has been favorably terminated, *i.e.*, reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's

4

issuance of a writ of *habeas corpus*. *Heck*, 512 U.S. at 486-87; *Ruff v. Runyon*, 258 F.3d 498, 502 (6th Cir. 2001). More recently, the United States Supreme Court extended *Heck* to bar § 1983 actions that do not directly challenge confinement, such as here, but instead challenge the procedures that imply unlawful confinement. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997).

Under *Heck*, the plaintiff's claims concerning the validity of his confinement would be more appropriately brought in a separate petition for writ of *habeas corpus*, not in a civil rights complaint. Those claims will be dismissed <u>without prejudice</u>, should the plaintiff wish to pursue them via the appropriate legal route.

**III.   Conclusion**

As set forth above, the court finds the plaintiff's complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983. 28 U.S.C. § 1915A. In the absence of an actionable claim, the court must dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2). Accordingly, the complaint will be dismissed. This dismissal is without prejudice to the plaintiff's ability to pursue any remedies available to him by way of a petition for writ of *habeas corpus*.

An appropriate order shall be entered.

_____
Kevin H. Sharp
Chief United States District Judge